UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY LIVINGSTON ALLEN,

    Petitioner,

-vs-                            Case No. 2:07-cv-574-FtM-29DNF
                                    Case No. 2:03-cr-74-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Petitioner's Request for a Certificate of Appealability (Doc. #24) and Request for Excusable Neglect for Any Alleged Untimely Filing of His Certificate of Appealability (Doc. #26), filed on May 11, 2009 in conjunction with his Notice of Appeal (Doc. #25).

    Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473,

484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

On October 14, 2008, the Court entered an Opinion and Order (Doc. #18) denying petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody as to bases. Judgment (Doc. #19) was entered on October 15, 2008. On December 30, 2008, the Court entered an Order (Doc. #21) granting petitioner's Request for leave to file a late motion for reconsideration but otherwise denying the motion for additional time to appeal. Petitioner filed his Request for Reconsideration (Doc. #22) on January 22, 2009. The Request was denied on February 6, 2009. (See Doc. #23.)

As an initial matter, petitioner seeks a finding of excusable neglect for the untimeliness of his appeal. As previously stated in the December 30, 2008 Order (Doc. #21), the undersigned cannot make such a finding or extend the time to file a Notice of Appeal

because the request is being made outside the immediate 30 day period from the Judgment or Request for reconsideration. Therefore, the motion will be denied. Additionally, upon review, the Court finds that petitioner has failed to show that jurists of reason would find the Court's assessment of the constitutional claim debatable or wrong or that the Court was incorrect in its procedural rulings.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Request for a Certificate of Appealability (Doc. #24) is **DENIED**.

2. Petitioner's Request for Excusable Neglect for Any Alleged Untimely Filing of His Certificate of Appealability (Doc. #26) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of May, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
All Parties of Record

United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303